# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
OFFICE OF THE CLERK

362 U.S. COURTHOUSE
517 E. WISCONSIN AVE
MILWAUKEE, WI 53202

JON W. SANFILIPPO
CLERK

TEL: 414-297-3372
FAX: 414-297-3203
www.wied.uscourts.gov

November 16, 2007

Michael W. Dobbins, Clerk
United States District Court
Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

FILED
11-20-07
NOV 2 0 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Re: **U.S. V. Demetrius F. McKinley**
Case No. 00-Cr-119 Your Case No. 07-cr-706

Dear Mr. Dobbins:

In compliance with the order accepting jurisdiction in the above-entitled case, enclosed are certified copies of the docket, information, judgment, amended judgment and probation transfer order. A financial report will be mailed to your office at a later date.

Please acknowledge receipt on the enclosed copy of this letter and return in the enclosed envelope.

Very truly yours,
JON W. SANFILIPPO
Clerk of Court

Kathleen A. Fink
Deputy Clerk

Enclosures
cc: U.S. Probation Office
    Eastern District of Wisconsin
    517 E. Wisconsin Ave., Rm #001
    Milwaukee, WI 53202

CLOSED

# United States District Court
## Eastern District of Wisconsin (Milwaukee)
### CRIMINAL DOCKET FOR CASE #: 2:00-cr-00119-RTR All Defendants
#### Internal Use Only

Case title: USA v. McKinley
Magistrate judge case number: 2:00-mj-00469

Date Filed: 06/21/2000
Date Terminated: 11/22/2000

Assigned to: Chief Judge Rudolph T Randa

### Defendant

**Demetrius F McKinley** (1)
*TERMINATED: 11/22/2000*
also known as
Demetrius Williams

represented by **Calvin R Malone**
Federal Defender Services of Wisconsin Inc
517 E Wisconsin Ave - Rm 182
Milwaukee, WI 53202
414-221-9900
Email: calvin_malone@fd.org
*TERMINATED: 06/03/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Federal Public Defender*

**Glen B Kulkoski**
Carr Kulkoski & Stuller
16869 W Greenfield Ave
New Berlin, WI 53151
262-782-3320
Fax: 262-782-2646
Email: ckslaw@tds.net
*TERMINATED: 11/22/2000*
*Designation: CJA Appointment*

U.S. District Court
Eastern Div. of Wis.
I hereby certify that this is a true and correct copy of the original now remaining of record in my office.

JON W. SANFILIPPO, clerk

DATED: 11/16/07 by ____Kathleen A Fish____ Deputy

### Pending Counts

21:841(a)(1) CONTROLLED SUBSTANCE - SELL, DISTRIBUTE, OR DISPENSE
(1)

### Disposition

121 months impr. credit for time served. Recommendation: deft. participate in 500 hour drug treatment or Boot Camp program, FMC Rochester for vocational purposes. SR: for 5 yrs. w/conditions. SA: $100.00 Fine: $1,000.00 See judgment for Sch edule of payments

### Highest Offense Level (Opening)

Felony

### Terminated Counts

None

### Disposition

**Highest Offense Level (Terminated)**

None

**Complaints**

None

**Disposition**

**Plaintiff**

USA
TERMINATED: 11/22/2000

represented by **Mario F Gonzales**
United States Department of Justice (ED-WI)
Office of the US Attorney
517 E Wisconsin Ave - Rm 530
Milwaukee, WI 53202
414-297-1775
Fax: 414-297-1738
Email: Mario.Gonzales2@usdoj.gov
TERMINATED: 11/22/2000
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

| Date Filed | # | Docket Text |
|---|---|---|
| 04/26/2000 | 1 | COMPLAINT against Demetrius F McKINLEY and Evelyn WILLIAMS signed by Mag Judge William E. Callahan Jr. [ 2:00-m -469 ] (kmf, ) (Entered: 05/01/2000) |
| 04/26/2000 |   | ARREST Warrant issued for Demetrius F McKINLEY by Mag Judge William E. Callahan Jr [ 2:00-m -469 ] (kmf, ) (Entered: 05/01/2000) |
| 04/28/2000 | 2 | HEARING MINUTES: (WEC) Initial Appearance of Demetrius F McKINLEY and Evelyn WILLIAMS. Crt. advised deft. of rights. Govt. advised deft. of charges, penalties and fines. A & P/Prelim. w/be held before Judge Goodstein. Govt. seeking temp. detention of both defts. Crt. sets detention hrg. for 5/3/00 at 10:30 for both defts. Court Reporter: Tape AC-230 [ 2:00-m -469 ] (kmf, ) (Entered: 05/01/2000) |
| 04/28/2000 |   | (Court only) Docket Modification (Utility) Detention hearing set for 10:30 on 5/3/00 for both defts. [ 2:00-m -469 ] (kmf, ) (Entered: 05/01/2000) |
| 04/28/2000 | 3 | ORDER of Temporary Detention Pending Hearing Pursuant to Bail Reform Act by Mag Judge William E. Callahan Jr as to Demetrius F McKINLEY [ 2:00-m -469 ] (kmf, ) (Entered: 05/01/2000) |
| 04/28/2000 |   | (Court only) Docket Modification (Utility) To stop XM excludable. [ 2:00-m -469 ] (kmf, ) (Entered: 05/01/2000) |
| 05/01/2000 | 5 | ARREST Warrant returned executed as to defendant Demetrius F McKINLEY; defendant arrested on 4/28/00 [ 2:00-m -469 ] (kmf, ) |
| 05/02/2000 | 10 | CJA Form 20 Copy 4 (Appointment of Counsel) as to Demetrius F McKINLEY; Attorney Winston Brown appointed (Nunc pro tunc 4/28/00) [ 2:00-m -469 ] (kmf, ) (Entered: 05/04/2000) |

| | | |
|---|---|---|
| 05/03/2000 | 11 | ORDER of Temporary Detention Pending Hearing Pursuant to Bail Reform Act by Mag Judge William E. Callahan Jr as to Demetrius F McKINLEY. [ 2:00-m -469 ] (kmf, ) (Entered: 05/15/2000) |
| 05/16/2000 | 12 | LETTER f/atty. Brown stating that deft. is willing to waive the time in which to hold a preliminary hrg. for 5 days. [ 2:00-m -469 ] (kmf, ) |
| 05/18/2000 | 13 | WAIVER of Preliminary Hearing by defendant Demetrius F McKINLEY. [ 2:00-m -469 ] (kmf, ) (Entered: 05/19/2000) |
| 06/13/2000 | 14 | MOTION for withdrawal as counsel by atty. Winston Brown as to deft. Demetrius F McKINLEY w/attached brief and affidavit in support. [ 2:00-m -469 ] (kmf, ) Modified on 06/14/2000 (Entered: 06/14/2000) |
| 06/15/2000 | 15 | ORDER that the govt. has 10 days from the date of order to advise the crt. in writing, with a copy for defense counsel, as to why the criminal complaint should not be dismissed. (cc: all counsel) [ 2:00-m -469 ] (kmf, ) (Entered: 06/19/2000) |
| 06/21/2000 | 16 | INFORMATION by USA Demetrius F McKinley (1) count(s) 1 (kaf, ) (Entered: 06/26/2000) |
| 06/23/2000 | | MARGINAL ORDER by Mag Judge Patricia J. Gorence granting motion for withdrawal as counsel by atty. Winston Brown [14-1] withdrawing attorney Winston P Brown for Demetrius F McKinley (cc: all counsel) [ 2:00-m -469 ] (kaf, ) (Entered: 06/26/2000) |
| 06/26/2000 | 17 | NOTICE of hearing ; arraignment & Plea on information set for 9:00 6/30/00 w/Judge Goodstein, ctr. 254 for Demetrius F McKinley (kaf, ) |
| 06/29/2000 | 21 | CJA Form 20 Copy 4 (Appointment of Counsel) as to Demetrius F McKinley; Attorney Glenn Kulkoski appointed. (Nunc pro tunc 6/26/00) (kmf, ) Modified on 06/30/2000 (Entered: 06/30/2000) |
| 06/30/2000 | 18 | WAIVER of indictment by defendant Demetrius F McKinley (kaf, ) |
| 06/30/2000 | 19 | HEARING MINUTES: (AEG) A & P before Mag Judge Aaron E. Goodstein dft Demetrius F McKinley arraigned; N/G plea entered; to Mag Judge Patricia J. Gorence for briefing , STD; 9/9/00 Trial Est: 2 days; voir dire set for 8/25/00 for Demetrius F McKinley ; pretrial motions set for 7/10/00,7/20/00,7/25/00 for Demetrius F McKinley ; jury trial set for 9:00 8/28/00 for Demetrius F McKinley Court Reporter: A1107 #538-784 (kaf, ) |
| 06/30/2000 | 20 | PRETRIAL ORDER by Mag Judge Patricia J. Gorence Motions(s) due: 7/10/00; Reponse(s) due: 7/20/00; Reply(s) due: 7/25/00. (CC: All Counsel in Open Court) (kaf, ) Modified on 06/30/2000 |
| 07/26/2000 | | TRANSMIT file on 7/26/00 to Hon. Rudolph T. Randa for defendant Demetrius F McKinley for further proceedings no motions filed. (kaf, ) |
| 07/26/2000 | | (Court only) Docket Modification (Utility) terminating case referral (kaf, ) |
| 08/24/2000 | 22 | NOTICE of hearing: change of plea hearing set for 11:00 8/29/00 for Demetrius F McKinley (bet, ) (Entered: 08/25/2000) |
| 08/29/2000 | 23 | PLEA AGREEMENT as to Demetrius F McKinley (kaf, ) |
| 08/29/2000 | 24 | HEARING MINUTES: (RTR) Change of Plea before Judge Rudolph T. Randa guilty plea entered by Demetrius F McKinley as to count one of information. Waiver of indictment signed previously through Judge Goodstein 5/20/00 ADJUDGED Guilty. Presentence report ordered. , voir dire held on 8/29/00 |

| | | |
|---|---|---|
| | | pretrial motions satisfied on 8/29/00 jury trial held on 8/29/00 change of plea hearing held on 8/29/00 ; sentencing hearing set for 2:00 11/3/00 for Demetrius F McKinley Court Reporter: Heidi Trapp (kaf, ) (Entered: 08/30/2000) |
| 10/24/2000 | 25 | STATEMENT of the offense and acceptance of responsibility by defendant Demetrius F McKinley (kaf, ) |
| 11/03/2000 | 26 | MOTION for downward departure by USA as to Demetrius F McKinley (kaf, ) (Entered: 11/06/2000) |
| 11/03/2000 | 27 | NOTICE of hearing ;sentencing hearing set for 2:00 11/22/00 for Demetrius F McKinley reset at request stipulation of counsel (kaf, ) (Entered: 11/06/2000) |
| 11/22/2000 | 28 | HEARING MINUTES: (RTR) Sentencing before Judge Rudolph T. Randa Demetrius F McKinley (1) count(s) 1 deft. to serve 121 months impr. credit for served. Recommendation: deft. participate in 500 hour drug treatment or Boot Camp program, FMC Rochester for vocational purposes. SR: for 5 yrs. w/conditions. SA: $100.00 Fine: $1,000.00 See judgment for Schedule of payments , terminating party Demetrius F McKinley, party USA , case terminated Court Reporter: John Schindhelm (kaf, ) (Entered: 11/28/2000) |
| 11/22/2000 | 29 | JUDGMENT and Commitment issued to U.S. Marshal as to Demetrius F McKinley by Judge Rudolph T. Randa (cc: all counsel) (kaf, ) (Entered: 11/28/2000) |
| 07/22/2002 | 30 | TRANSCRIPT of sentencing 11/22/00 for defendant Demetrius F McKinley (kaf, ) (Entered: 07/23/2002) |
| 12/16/2003 | 31 | MOTION to Reduce Sentence pursuant to Rule 35(b)(2)(B) by USA as to Demetrius F McKinley.(kaf, ) |
| 01/26/2004 | 32 | REQUEST for reduction of sentence by Demetrius F McKinley. (kaf, ) |
| 03/31/2004 | 33 | PETITION by Demetrius F McKinley for leave to appear in court via teleconference. (dmm, ) |
| 03/31/2004 | 34 | AFFIDAVIT of Calvin Malone by Demetrius F McKinley (dmm, ) |
| 04/21/2004 | 35 | NOTICE OF HEARING as to Demetrius F McKinley. (cc: all counsel) In Court Hearing Rule 35(b) resentencing hrg. set for 6/3/2004 10:30 AM in Courtroom 320 before Chief Judge Rudolph T Randa.(deft. to be available by phone) FCI-Oxford) (kaf, ) (Entered: 04/22/2004) |
| 06/03/2004 | 36 | SUPPLEMENT by USA as to Demetrius F McKinley : *Memorandum in Support of Government's Rule 35(b) Motion* (Gonzales, Mario) |
| 06/03/2004 | 37 | Certificate of Service by USA as to Demetrius F McKinley (Gonzales, Mario) |
| 06/03/2004 | 38 | Minute Entry for proceedings held before Judge Rudolph T Randa : In Court Hearing as to Demetrius F McKinley held on 6/3/2004 Rule 35(b)Re-sentencing minutes. Deft. as to ct. 1 of the infrmation sentenced to 92 months impr. credit for time served, if any a determined by the U.S. BOP. SR: 5 yrs. w/conditions. See Judgment for details. SA: $100.00 (previously paid) Fine: $825.00 (remaining balance) see Judgment for schedule of payments. (Court Reporter Heidi Trapp) (kaf, ) (Entered: 06/09/2004) |
| 06/03/2004 | 39 | AMENDED JUDGMENT RE: Reduction of sentence pursuant to Rule 35(b) as to Demetrius F McKinley Signed by Judge Rudolph T Randa on 6/3/04. (cc: all counsel) (kaf, ) (Entered: 06/09/2004) |

| | | |
|---|---|---|
| 06/03/2004 | | (Court only) ***Motions terminated as to Demetrius F McKinley : [31] MOTION to Reduce Sentence filed by USA. Re-Sentencing held. (Zik, Linda) (Entered: 09/23/2004) |
| 09/20/2007 | 40 | PETITION from USPO Michael K. Klug for Defendant Demetrius McKinley that the court order Mr. McKinley's conditions to reside fro 90 days in a community correctional center placement held in abeyance. (kaf) (Entered: 09/24/2007) |
| 09/20/2007 | | MARGIN ORDER as to Demetrius F McKinley granting petition fo USPO Michael K. Klug that Mr. McKinley's condition to reside for 90 days in a community correctional center placement held in abeyance. Signed by Judge Rudolph T Randa on 9/20/07. (cc: all counsel, Marshal & Probation) (kaf) (Entered: 09/24/2007) |
| 11/05/2007 | 41 | Probation Jurisdiction Transferred to Northern District of Illinois as to Demetrius F McKinley& order of that court accepting Jurisdiction, Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet & Payment History. (kaf) (Entered: 11/16/2007) |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

'00 JUN 21 A10:19

FRAN... DILSKY
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. **00-Cr119** |
| DEMETRIUS McKINLEY<br>a/k/a DEMETRIUS WILLIAMS, | |
| | [T. 21 U.S.C. §§ 841(a)(1)] |
| Defendant. | |

## INFORMATION

### COUNT ONE

**THE UNITED STATES ATTORNEY CHARGES:**

Between on or about August 14, 1999 and October 25, 1999 at Racine, in the State and Eastern District of Wisconsin,

**DEMETRIUS McKINLEY**
**a/k/a DEMETRIUS WILLIAMS,**

the defendant herein, did knowingly and intentionally possess with intent to distribute cocaine base, commonly known as "crack", as Schedule II controlled substance,

All in violation of Title 21, United States Code, Section 841(a)(1).

_June 21, 2000_
Date

_Barbara B. Berman_
THOMAS P. SCHNEIDER
United States Attorney

U.S. District Court
Eastern Div. of Wis.
I hereby certify that this is a true and correct copy of the original now remaining of record in my office.

JON W. SANFILIPPO, clerk

DATED: 11/16/07 by _Kathleen A Fish_ Deputy

16

AO 245C (Rev. 12/03) Amended Judgment in a Criminal Case
Sheet 1                                                                                                                    (NOTE: Identify Changes with Asterisks (*))
Case 1:07-cr-00706    Document 2    Filed 11/20/2007    Page 8 of 19

# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |

**FILED**
U.S. DIST. COURT EAST. DIST. WISC.
JUN - 3 2004
at _____ O'CLOCK _____ m
SOFRON B. NEDILSKY

**DEMETRIUS F. MCKINLEY**

Case Number: 00-Cr-119
USM Number: 05855-089

Date of Original Judgment: **November 22, 2000**
(Or Date of Last Amended Judgment)

**Calvin R. Malone**
Defendant's Attorney
**Mario Gonzales**
Assistant United States Attorney

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☒ Reduction of Sentence for Changed Circumstances (Fed.R.Crim.P.35(b))
☐ Correction of Sentence by Sentencing Court (Fed.R.Crim.P.35(c))
☐ Correction of Sentence for Clerical Mistake (Fed.R.Crim.P.36)

☐ Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant to ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☒ pleaded guilty to count(s) **One (1) of the Information**
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute Cocaine Base | October 25, 1999 | 1 |

The defendant is sentenced as provided in Pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States attorney of any material change in the defendant's economic circumstances.

U.S. District Court
Eastern Div. of Wis.
I hereby certify that this is a true and correct copy of the original now remaining of record in my office.

JON W. SANFILIPPO, clerk

DATED: 11/16/07 by _____ Deputy

June 3, 2004
Date of Imposition of Judgment

Signature of Judicial Officer

**Hon. Rudolph T. Randa, Chief Judge**
Name & Title of Judicial Officer

6/3/04
Date

39

Defendant: **Demetrius F. McKinley**
Case Number: **00-Cr-119**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **92 months.**

**Defendant shall be given credit for time served, if any, as determined/calculated by the United States Bureau of Prisons.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,

    ☐ before 2 p.m. on _____

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case 1:07-cr-00706    Document 2    Filed 11/20/2007    Page 10 of 19    Judgment Page 3 of 6

AO 245C (Rev. 12/03) Amended Judgment in a Criminal Case:
Sheet 3 - Supervised Release                                                                                 (Note: Identify Changes with Asterisks(*))

Defendant: **Demetrius F. McKinley**
Case Number: **00-Cr-119**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) years.**

**The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.**

**The defendant shall not commit another federal, state or local crime.**

**The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.**

- ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ **The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)**
- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notification and to confirm the defendant's compliance with such notification requirement.

AO 245C (Rev. 12/03) Amended Judgment in a Criminal Case:
Sheet 3A - Supervised Release　　　　　　　　　　　　　　　　　　　　　(Note: Identify Changes with Asterisks(*))

Defendant: **Demetrius F. McKinley**
Case Number: **00-Cr-119**

## ADDITIONAL SUPERVISED RELEASE TERMS

1. After release from imprisonment the defendant is to reside for the first 90 days in a community correctional center upon the first available vacancy. The defendant is to obey the rules of that facility and acknowledge in writing receipt of such rules.

2. The defendant shall obtain his General Equivalency Diploma (GED) or High School Equivalency Diploma (HSED).

3. The defendant is to participate in a program of testing and residential or outpatient treatment for drug and alcohol abuse, as directed by the supervising probation officer, until such time as he is released from such program by the supervising probation officer. The defendant is to refrain from use of all alcoholic beverages throughout the period of this supervision. The defendant shall pay the cost of this program as directed by the probation officer.

4. The defendant is to provide access to all financial information requested by the supervising probation officer including, but not limited to, copies of all federal and state income tax returns. All tax returns shall be filed in a timely manner. The defendant shall also submit monthly financial reports to the supervising probation officer.

5. The defendant is to pay any balance of the fine at a rate of not less than $50.00 per month. The defendant will also apply 100 percent of his yearly federal and state tax refunds toward payment of the fine. The defendant shall not change exemptions without prior notice to the supervising probation officer.

AO 245C (Rev 12/03) Amended Judgment in a Criminal Case:
Sheet 5 – Criminal Monetary Penalties

(Note: Identify Changes with Asterisks(*))

Defendant: **Demetrius F. McKinley**
Case Number: **00-Cr-119**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $100.00 (previously paid) | $825.00 (remaining balance) | $ |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **Totals:** | $ _____ | $ _____ | |

☐  Restitution amount ordered pursuant to plea agreement $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒  **The court determined that the defendant does not have the ability to pay interest, and it is ordered that:**

☒ the interest requirement is waived for the   ☒ fine       ☐ restitution.

☐ the interest requirement for the           ☐ fine       ☐ restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev 12/03) Amended Judgment in a Criminal Case:
Sheet 6 - Schedule of Payments  (Note: Identify Changes with Asterisks(*))

Defendant: **Demetrius F. McKinley**
Case Number: **00-Cr-119**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____, or

    ☐ in accordance with ☐ C, ☐ D, ☐ E or ☐ F below; or

**B** ☒ **Payment to begin immediately** (may be combined with ☐ C, ☐ D, or ☒ **F** below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ **Special instructions regarding the payment of criminal monetary penalties:**

**Defendant shall participate in the Federal Bureau of Prisons Inmate Financial Responsibility Program not to exceed 50% of his earnings. Payments shall apply first to the Special Assessment and thereafter to the Fine until paid in full.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names, Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

FILED
NOV 2 2 2000
AT ____ O'CLOCK ____ M
SOFRON B. NEDILSKY

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: 00-Cr-119 |
| **DEMETRIUS MCKINLEY** | **Glen B. Kulkoski** |
| | Defendant's Attorney |
| | **Mario Gonzales** |
| | Assistant United States Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) **One (1) of the Information.**

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute Cocaine Base | October 25, 1999 | 1 |

The defendant is sentenced as provided in Pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ (is) (are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec.:
Defendant's Date of Bi
Defendant's USM No.:
Defendant's Residence
**In Custody**

Defendant's Mailing Address:

U.S. District Court
Eastern Div. of Wis.
I hereby certify that this is a
true and correct copy of the original
remaining of record in my office.

JON W. SANFILIPPO, clerk

DATED: 11/16/07 by _____ Kathleen G. Fink _____ Deputy

November 22, 2000
Date of Imposition of Judgment

_signature_
Signature of Judicial Officer

Rudolph T. Randa
United States District Judge
Name & Title of Judicial Officer

11/22/00
Date

1

29

Defendant: **Demetrius McKinley**
Case Number: **00-Cr-119**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of __121 months__.

**Defendant shall be given credit for time served.**

☒ **The court makes the following recommendations to the Bureau of Prisons:**

- **Defendant participate in the 500-hour residential drug treatment program or defendant participate in the Boot Camp program.**
- **FMC - Rochester for vocational purposes; for defendant to participate in the Heating, Ventilation, Air Conditioning program.**

☒ **The defendant is remanded to the custody of the United States Marshal.**

☐ The defendant shall surrender to the United States Marshal for this district.
  ☐ at _____ a.m./p.m. on _____.
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
  ☐ before 2 p.m. on _____
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

Defendant:   **Demetrius McKinley**
Case Number: **00-Cr-119**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) years**.

- ☒ The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
- ☒ The defendant shall not commit another federal, state or local crime.
- ☒ Pursuant to the Violent Crime Control and Law Enforcement Act of 1994, the defendant shall not illegally possess any controlled substance. Such possession will result in revocation of the probation term and the defendant will serve a term in prison.

*For offenses committed on or after September 13, 1994:*

- ☒ The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release and two tests within one year from the commencement of supervision.
    - ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ **The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)**

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).
The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notification and to confirm the defendant's compliance with such notification requirement.

Defendant:   Demetrius McKinley
Case Number: 00-Cr-119

## SUPERVISED RELEASE CONTINUED

**Additional conditions of Supervised Release:**

1. After release from imprisonment, the defendant is to reside for the first 90 days in a community correctional center upon the first available vacancy. The defendant is to obey the rules of that facility.

2. The defendant shall obtain his General Equivalency Diploma (GED) or High School Equivalency Diploma (HSED).

3. The defendant is to participate in a program of testing and residential or outpatient treatment for drug and alcohol abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant is to refrain from use of all alcoholic beverages throughout the period of this supervision. The defendant shall pay the cost of this program as directed by the probation officer.

4. The defendant is to provide the probation officer with access to all financial information including, but not limited to, copies of all federal and state income tax returns. All tax returns shall be filed in a timely manner. The defendant shall also submit monthly financial reports to the probation officer.

AO 245B (Rev 8/96) Judgment in a Criminal Case:
Sheet 5 Part A - Criminal Monetary Penalties

Defendant: Demetrius McKinley
Case Number: 00-Cr-119

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $100.00 | $1,000.00 | $(none ordered) |

☐ If applicable, restitution amount ordered pursuant to plea agreement ... $ n/a

### FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ n/a

The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☒ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:
   ☒ The interest requirement is waived.
   ☐ The interest requirement is modified as follows:

### RESTITUTION

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such a determination.
☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| **Totals:** | $ _____ | $ _____ | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

Defendant: **Demetrius McKinley**
Case Number: **00-Cr-119**

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) <u>assessment</u>; (2) restitution; (3) <u>fine principal</u>; (4) cost of prosecution; (5) interest; (6) penalties.

A ☒ **In full immediately; or**
B ☐ $_____ immediately, balance due (in accordance with C, D, or E); or
C ☐ not later than _____ ; or
D ☐ in installments to commence _____ days after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or
E ☐ in _____ (e.g., equal, weekly, monthly, quarterly) installments of $_____ over a period of _____ year(s) to commence _____ days after the date of this judgment.

**The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.**

**Special instructions regarding the payment of criminal monetary penalties:**

☒ **Defendant shall participate in the Federal Bureau of Prisons Inmate Financial Responsibility Program not to exceed 50% of his earnings. Payments shall apply first to the Special Assessment and thereafter to the Fine until paid in full.**

☒ **During the term of Supervised Release, the defendant shall pay any balance of the Fine at a rate of no less than $50.00 per month.**

☐ Joint and Several
☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.